IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANA A. DUCHARME                :

    v.                          :
                                          CIVIL ACTION NO. PWG-08-2698
MICHAEL J. ASTRUE               :
COMMISSIONER OF SOCIAL
SECURITY                        :

### **MEMORANDUM**

Dana A. Ducharme (sometimes referred to as "Mr. Ducharme" or "Claimant") filed this action seeking judicial review pursuant to 42 U.S.C. § 405 (g) of the final decision of the Commissioner of Social Security denying his application for Waiver of Overpayment of Disability Insurance Benefits ("DIB"). This case was referred to me for all proceedings and the entry of a final judgment pursuant to 28 U.S.C. § 636 (c) and Local Rule 301. (ECF No. 6). Pending are the parties cross Motions for Summary Judgment. (ECF Nos. 25 & 33). No hearing is necessary. Local Rule 105.6 (D. Md.). For the reasons stated herein, the Defendant's Motion is **GRANTED**, and the Plaintiff's Motion is **DENIED.**

                        **I.   PROCEDURAL HISTORY**

Mr. Ducharme originally was found to be entitled to disability benefits as of January 1987 on the basis of

statutory blindness[1]. (Tr. 14). After a series of requests for information from Claimant's employers on April 29, 2003, SSA notified Claimant that his disability had ended and that he was found to no longer be entitled to benefits as of December 1996. (Tr. 59-61). On November 9, 2004, Mr. Ducharme filed a request for waiver of overpayment. (Tr. 131-138). In correspondence dated January 14, 2005, the SSA notified Claimant that his request for waiver could not be approved on the facts they had available at that time, and that he was entitled to a personal conference. Following his personal conference, the SSA sent a letter dated March 18, 2005, notifying Claimant that his request for waiver was denied, and that he had been overpaid a total of $100,463.20[2].(Tr. 156-158).

After receiving this notice, Claimant filed a Request for hearing. (Tr. 161). A hearing was held before an Administrative Law Judge ("ALJ"), the Honorable Guy Arthur, on April 11, 2006, where Mr. Ducharme, represented by counsel, appeared and testified. (Tr. 189-213). In a decision dated June 28, 2006, the ALJ found that the Claimant was overpaid benefits in the amount of $100,463.20 and that he was not without fault in

---

[1] Mr. Ducharme was born with the ability to see, however he was rendered blind in both eyes as a result of an automobile accident that occurred in 1986.
[2] The amount of overpayment is not disputed by the parties.

causing this overpayment and, therefore, recovery could not be waived. (Tr. 19).  The Appeals Council denied Mr. Ducharme's request for review on August 13, 2008, thereby adopting the ALJ's decision as the "final decision" of the Commissioner. (Tr. 4-7).

## II. STANDARD OF REVIEW

The Commissioner's decision must be upheld if supported by substantial evidence which is more than a scintilla, but less than a preponderance, and sufficient to support a conclusion in a reasonable mind. *See* 42 U.S.C. §405(g) (1998); *see also King v. Califano*, 599 F.2d 597 (4th Cir. 1979); *Teague v. Califano*, 560 F.2d 615 (4th Cir. 1977); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966). This Court may not weigh conflicting evidence, determine credibility, or substitute its judgment for the Commissioner's. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Although deferential, this standard of review does not require acceptance of a determination by the Commissioner which applies an improper standard, or misapplies the law. *See Coffman v. Bowen*, 829 F.2d 514, 517(4th Cir. 1987). Following its review this Court may affirm, modify or reverse the Commissioner, with or without a remand. 42 U.S.C.§405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

**III. DISCUSSION**

To qualify for a waiver of recoupment a person must show that the overpayment was not a result of their own fault and that it would defeat the purpose of the Act, or adjustment or recovery of the overpayment would be against equity and good conscience.[2] The Plaintiff carries the burden of proof on these issues. *Bray v. Bowen*, 854 F.2d 685,687 (5th Cir. 1988).

It is undisputed that Mr. Ducharme was overpaid. He argues, however, that he is entitled to a waiver of recoupment since he was not at fault with respect to the overpayment. 20 CFR §404.507. The Commissioner argues that the ALJ's finding that Mr. Ducharme was not without fault is supported by substantial evidence.

The Social Security Act permits waiver of overpayment only if the beneficiary can demonstrate both that he is without fault and that recoupment would defeat the purpose of the Act or recovery would be against equity and good conscience. 42 USC §404(b); 20 CFR §404.509. If the Commissioner determines a

---

[2] Section 404 (b) provides:
> [I]n any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such an adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience.
> 42 U.S.C. §404(b).

claimant is at fault for the overpayment, the inquiry ends[3]. *See Garnett v. Sullivan*, 905 F.2d 778,782 (4th Cir. 1990). Neither good faith nor the absence of bad faith suffices to establish that the overpaid individual is without fault. *Center v. Schweiker,* 704 F.2d 678, 679-80 (2d Cir. 1983).  While the Act itself does not define "fault", the Secretary's implementing regulations, in relevant part, provide the following definition:

> [I]n determining whether an individual is at fault, the Social Security Administration **will consider all pertinent circumstances,** including the individual's age and **intelligence**, and any **physical**, mental, **educational**, or linguistic limitations...the individual has. What constitutes fault...on the part of the **overpaid individual...depends on whether the facts show that the incorrect payment to the individual...resulted from**:
> (a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or
> (b) Failure to furnish information which he knew or should have known to be material; or
> (c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

20 CFR §404.507(emphasis added).

In determining that Claimant was "not without fault", the ALJ properly discussed the second and third criteria in 20 CFR §404.507.  Claimant contends that the ALJ failed to evaluate

---

[3] The ALJ alternatively found that even if Mr. Ducharme were without fault, he did not meet the second prong of the waiver test because recoupment would not defeat the purpose of the Act nor would recovery be against equity and good conscience. The ALJ's finding with respect second prong of the test has not been challenged.

5

what he argues is a "causation requirement" in 20 CFR §404.507. Specifically he argues that the use of the words "**resulted from**" requires the ALJ to find that there was some act on his part that caused the result. *See* Pl. Mem., pp. 10-13.  Claimant has not cited-- nor is the undersigned aware of-- any authority to support this interpretation.  Rather, it appears that all that is required by the Regulation is a finding that Claimant failed to furnish information that he knew, or should have known, was material, or that he accepted a payment that he knew, or could have been expected to know was incorrect.  The question in this case is whether the ALJ's finding that Claimant should have known of his duty to report earnings and/or could have been expected to know that the payments he accepted were incorrect is supported by substantial evidence.

The ALJ properly analyzed this case from a subjective perspective, and clearly considered Mr. Ducharme's age, education, type of employment(including his ability to access document readers at his place of employment) and his personal circumstances.  For example, the ALJ stated:

> [A]n administrative law judge in reviewing overpayment cases is responsible for considering the circumstances of each case including the level of understanding that a particular Claimant might have or be expected to have due to his education training and work experience. The claimant in this case although blind to his credit is a successful attorney. He has legal training and legal skills in identifying and resolving issues and taking appropriate

6

actions to protect himself and those he represents.  At the very least, he knew or should have known that his earnings were material to continuation of benefits. (Tr. 16).

Claimant testified that he did not know that he was required to report earnings. (Tr. 195).  However, he also testified that he was unable to say that the SSA failed to furnish him with notices about the requirement to report earnings. (Tr. 197).  At the time of his hearing, Claimant was working as an attorney for the United States Department of Labor, representing the Mine Safety and Health Administration and was earning an annual salary of $100,500. (Tr. 200-202). His previous employment included jobs as a telemarketer, a lobbyist, and governmental affairs director for the American Council of the Blind. (Tr. 198-199).

The fault determination requires the decision-maker to evaluate whether a reasonable person, possessing the same mental and physical limitations as the claimant, could believe that he was entitled to continued social security benefits. *Harrison v. Heckler*, 746 F.2d 480,482 (9th Cir. 1984).  The Agency "will consider all pertinent circumstances, including age, intelligence, education and physical and mental conditions." 20 CFR § 404.507.  The ALJ's decision provides a thorough discussion of how the ALJ considered the Claimant's intelligence

and education, and the facts the ALJ relied upon to support his finding that the claimant should have been aware that he was not entitled to benefits while working.

Claimant argues that he never was informed of the duty to report earnings. He testified that sometime in approximately 1987, a counselor from the Massachusetts Commission for the Blind, David Short, informed him that he would receive benefits indefinitely until he was sighted or had some good fortune. (Tr. 195). While the ALJ's decision incorrectly states that Claimant did not identify this counselor, this error is not fatal to the ALJ's decision, as Claimant contends.  There is no question that the individual (identified or unidentified) upon whose advice Claimant purportedly relied was not an employee of SSA. Therefore Claimant based his decisions not to report his earnings on advice received from someone not affiliated with the SSA. In evaluating whether this decision demonstrates a level of personal fault the ALJ correctly considered the fact that Claimant is an attorney, well educated, and clearly possessed the intellectual capacity to appreciate that reliance on the advice of a lay counselor from an organization unaffiliated to the SSA was unreasonable. (Tr. 16, 201).

Claimant also argues that the ALJ failed to consider his testimony that he was never informed of his reporting

8

responsibilities. However, there is no merit to this argument since the ALJ's decision stated "the claimant testified he does not remember receiving any notices or having any discussions with the Social Security Administration officials as to the need to inform SSA that he was working and the monies he was earning." (Tr.15). This manifestly demonstrates that the ALJ did not fail to consider Claimant's testimony.

Additionally, evidence presented at the hearing reveals that as early as 1995, SSA sent Claimant a notice stating that he had used 8 months of his nine month trial work period. This correspondence, in relevant part, also states,

> [y]ou must tell us right away about any changes that may affect your benefits. If you don't you may have to repay any benefits you are not due. Let us know if: You went to work since your last report or you return to work in the future(no matter how little you earn)....We will use this information to decide if your health problems still meet our rules, if we must stop your payments because of your work, or if we must change your payment amount.

See, Pl. Mem., Exhibit 2.

This evidence vividly contradicts Claimant's argument that there was no evidence before the ALJ that he ever was actually informed of his reporting responsibilities.

Mr. Ducharme's final contention is that the ALJ's decision is not supported by substantial evidence because the ALJ held him to an inapplicable standard of care. Specifically, Claimant

argues that the ALJ cited 20 CFR §404.511 which addresses fault in deduction overpayment cases whereas, this is an entitlement case. Cf. 20 CFR §404.510a.

This argument is without merit. The ALJ specifically cited 20 CFR §404.510 and discussed the appropriate elements at length when analyzing Claimant's fault. (Cf. Tr. 16, 17). The ALJ's citation to and discussion of the higher degree of care is, at most, harmless error and mere surplusage.

Accordingly, the ALJ properly considered all relevant regulatory factors, adequately explained the reasons for his determinations which is based upon substantial evidence.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion and GRANTS the Commissioner's Motion.  A separate Order shall issue.


Dated: 3/15/12                          _____/s/_____
                                        Paul W. Grimm
                                        United States Magistrate Judge